[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
The plaintiff, Shirley Boykin Fuller, has filed a motion (#143) to "reargue" a decision entered by this court on August 20, 1996, in connection with her claim for compensation for personal injuries resulting from a fall on a stairway at the South Norwalk railroad station on August 20, 1992. The attorney trial referee who heard the case, Attorney William A. Phillips, recommended that judgment enter in favor of the plaintiff for $20,000, and he filed a report containing the following pertinent facts regarding the injuries sustained by the plaintiff: (1) she was injured while descending a stairway from the railway platform after disembarking from a train, when her foot "hooked" on a step where the tile had become dislodged, and "the face of the step gave way under her then weight bearing foot;" (2) the plaintiff went to work at the Norwalk Hospital on the day of her injury, but did sustain swelling and discomfort in her left ankle; (3) x-rays taken after the fall did not reveal any fractures or dislocations; (4) prior to the August, 1992 accident, the plaintiff had a disk excision in March of that year, a CT Page 7405 hysterectomy the following spring in 1993, and a L-5, S-1 fusion in January, 1994; (5) the plaintiff is treating orthopedic surgeon gave her a 20% percent permanent partial disability of her lumbar spine as a result of the disk herniation; (6) her fall in August, 1992, exacerbated her lumbar problems and impacted adversely on her life style and ability to perform household work; (7) the plaintiff incurred medical bills in the amount of $2,386 as a result of the fall in question; and (8) the plaintiff did not sustain her claim of lost wages attributable to the fall, because the days she did miss from work were caused by her gynecological problems.
The attorney trial referee concluded, on the basis of the above findings of fact, that the recommended award of $20,000 would adequately compensate the plaintiff for the injuries she received as a result of the fall at the defendant's railway station. As pointed out in the court's memorandum of decision of August 20, 1996, accepting the referee's recommendations, the plaintiff filed with the referee a motion to correct as authorized by Practice Book § 438, in which she contended that the recommended award was inadequate in that: (1) as a result of the fall, she had suffered an exacerbation of prior lumbar difficulties; (2) she had lost time from work in the approximate amount of $20,000, because of the accident in this present case; (3) in November, 1994, her orthopedist gave her a rating of 25% permanent partial disability of the lumbar spine; (4) she had submitted medical bills of approximately $30,000, all attributable to the August, 1992, fall; and (5) in addition to compensation for medical bills and lost wages, she should have been awarded $200,000 for non-economic damages.
The attorney trial referee, however, declined to make any changes in his report or recommendation that judgment enter for the plaintiff in the amount indicated. Specifically, the referee disagreed with the plaintiff's contention that her present medical conditions were primarily attributable to the fall, rather than to pre-existing and post-accident lumbar problems, including a laminectomy several months before the accident and a spinal fusion thereafter. The referee also disagreed with the claims by the plaintiff that all of her medical bills incurred through July, 1995, were attributable to the accident in question, and that she sustained a significant loss of wages.
Regarding the extent of the plaintiff's injuries and the amount of her medical bills and lost wages, the court noted in CT Page 7406 the original decision that the file contained exhibits indicating that while the plaintiff did submit medical bills of $30,000 at the trial before the referee, $20,000 of that amount represented charges from the Norwalk Hospital, including $17,000 in January, 1994, when the plaintiff had a spinal fusion. As to the claim of lost wages in the amount of $22,000, $19,000 of that amount, as indicated in the prior decision, was for the forty weeks between October, 1993 and August, 1994. The plaintiff, according to one exhibit, missed fourteen days after the date of accident for the ensuing seven months in 1992.
The plaintiff's motion to reargue makes two points: first, that she had ordered a full transcript of the trial; and second, that she had in fact filed exceptions pursuant to Practice Book § 439. The reference to the transcript involves the court's statements in the original decision regarding the necessity of furnishing a full transcript for each trial date in order to file proper exceptions as required by Practice Book § 439. The plaintiff correctly points out that the transcript had been ordered and has now been furnished to and reviewed by the court. The memorandum of decision did state that the plaintiff had filed exceptions to the report, but noted that without a complete transcript, the exceptions were not in proper order to be reviewed.
The receipt of the transcript now enables the court to review the referee's findings relating to the extent of the plaintiff's injuries and the reasonableness of his recommendation of an award of $20,000. In addition, the appropriateness of the referee's response to the plaintiff's motion to correct and the merits of the exceptions filed by the plaintiff are addressed in this supplemental memorandum of decision. Hence, the plaintiff's motion to reargue is granted.
A review of the record, including the transcript and exhibits, indicates that there is ample support for the referee's recommendation of an award of $20,000. For example, the plaintiff testified that after her fall on August 20, 1992, she went to work all day and told several co-workers that, "No, I'm not going to the emergency room." She also stated that it was several days after the incident before she saw a doctor in connection therewith. The plaintiff referred to her laminectomy in March, 1992, about five months before her fall, and the fact that she stayed home from work until June, 1992, about two months prior to her accident at the railroad station. The plaintiff also CT Page 7407 testified about the hysterectomy she had in April, 1993, about eight months after the fall, but agreed that she had been working full-time after the accident involved in the present case, except for occasional days lost, about one a month, due to gynecological problems. The hysterectomy caused her to lose ten weeks of work. The plaintiff also testified about her fusion operation in January, 1994, at the same location in her back where the laminectomy was performed, and that she was out of work for eight months as a result. In July, 1994, the plaintiff agreed that she was involved in an automobile accident, "and my neck and back was hurting for a few days."
Thus, the transcript provides an adequate basis for the referee's findings of fact, and his conclusions that the plaintiff's medical problems and bills were, for the most part, not attributable to the accident in this present case, and that she had not lost any significant time from work as a result of her fall at the railroad station. Accordingly, the referee's recommended award is reasonable under the circumstances and judgment is entered in accordance with that recommendation in favor of the plaintiff in the amount of $20,000. Statutory costs shall be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of December, 1996.
William B. Lewis, Judge